ACCEPTED
14-14-00504-CR
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
3/26/2015 11:31:10 AM
CHRISTOPHER PRIN
CLERK

# IN THE COURT OF APPEALS
## FOR THE FOURTEENTH DISTRICT OF TEXAS
### HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

3/26/2015 11:31:10 AM

CHRISTOPHER A. PRINE
Clerk

|  |  |  |
|---|---|---|
| **LUCIOUS RAY JOHNSON,** | § | |
| Appellant | § | |
| | § | |
| v. | § | **Case Nos.  14-14-00504-CR** |
| | § | |
| **THE STATE OF TEXAS** | § | |
| Appellee | § | |

## APPEAL FROM DENIAL OF POST-CONVICTION DNA MOTION IN TRIAL CASE NO. 0263473 IN THE 176TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS

---

## APPELLANT'S SECOND MOTION FOR THIRTY (30) DAY EXTENSION OF TIME TO FILE APPELLATE BRIEF DUE TO NEED FOR SUPPLEMENTAL CLERK'S RECORD

---

**Thomas A. Martin**
State Bar No. 50511495
1018 Preston, Suite 500
Houston, Texas 77002-1824
713-222-0556
713-222-7022 (fax)

**Attorney for Appellant**

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW **LUCIOUS RAY JOHNSON**, Defendant/Appellant herein, by and through his attorney of record, Thomas A. Martin, and files this his Second Motion for a thirty (30) day Extension of Time to file the Appellate Brief pursuant to Texas Rules of Appellate Procedure 10.5(b), or in the alternative request an abatement until the Clerk's Record is properly supplemented, and for cause would show the Court as follows:

1.      The Appellant, **LUCIOUS RAY JOHNSON**, was convicted of aggravated rape in 1978 and sentenced to 99 years TDCJ. Appellant first contested the DNA is his case by motion dated March 30, 2004. The trial court denied his motion, and this Court affirmed the denial of DNA testing in a Memorandum Opinion dated March 29, 2007.

2.      A second *pro se* motion for post-conviction DNA testing was filed by Appellant on September 27, 2010. The trial court denied the motion for the same reasons as the earlier motion on April 28, 2014.

3.      No motion for rehearing was filed by Appellant.

4.      Notice of Appeal was timely filed on a *pro se* basis.

5.      This is the Appellant's Second Motion for Extension of Time within which to file the Appellate Brief.  The Appellant's Brief is due on Monday, April 6,

1

2015.

6.    The reason for this requested reset is that the Supplemental Clerk's Record, herein attached as Exhibit A, does not contain the State's Motion Requesting Court to Deny DNA Testing (the "State's Motion"). Counsel's unofficial copy of the State's Motion is herein attached as Exhibit B. The State's Motion is the basis of this DNA appeal. A request has been made to the District Clerk's Office to supplement the Clerk's Record to include the April 28, 2014 State Motion. A copy of this request is herein attached as Exhibit C.

7.    Counsel is a solo practitioner without law partners or legal assistants who might otherwise be able to assist him in the provision of legal services.

8.    This Second Motion for Extension of Time is requested, not for the purpose of delay, but only in order that justice may be done in this case.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Honorable Court grant this Motion for a 30 day Extension of Time following submission of the supplemented Clerk's Record, or abate this appeal until such supplementing is conducted, to enable the proper record review, legal research, preparation, and filing of the Appellant's Brief in this case.

Respectfully submitted,

LAW OFFICES OF THOMAS A. MARTIN

2

*/s/ Thomas A. Martin*

Thomas A. Martin
State Bar No. 50511495
1018 Preston, Suite 500
Houston, Texas 77002-1824
713-222-0556
713-222-7022 (fax)

Attorney for Appellant

## CERTIFICATE OF CONFERENCE

I, Thomas A. Martin, hereby certify that I have conferred by telephone on Thursday, March 26, 2015, with the Appellate Division of the Harris County District Attorney's Office Appellate Division regarding this requested First Extension of Time, and the State is *not* opposed.

*/s/ Thomas A. Martin*

_____

Thomas A. Martin

## CERTIFICATE OF SERVICE

I, Thomas A. Martin, hereby certify that a true and correct copy of the above and foregoing First Motion for Extension of Time within which to file Appellant's Brief has been served upon the Appellate Division within the Office of the District Attorney of Harris County, Texas and the Defendant/Appellant by regular mail in accordance with the Texas Rules of Appellate Procedure on March 26, 2015.

*/s/ Thomas A. Martin*

_____

Thomas A. Martin

# SUPPLEMENTAL

## CLERK'S RECORD

VOLUME I of I

Trial Court Cause No. 263473

In the County Criminal Court at Law of Harris County, Texas

In the 176th District Court of Harris County, Texas

Honorable STACEY BOND, Judge Presiding

---

LUCIOUS RAY JOHNSON, **APPELLANT**

VS

THE STATE OF TEXAS

---

Appealed to the Court of Appeals for the Fourteenth District of Texas, at Houston, Texas

---

Attorney for Appellant(s)

THOMAS A. MARTIN

ATTORNEY OF RECORD

1018 PRESTON, SUITE 500

HOUSTON, TEXAS 77002

Telephone No: 173.222.0556

SBOT No: 01638569

---

Delivered to the Court of Appeals for the Fourteenth District of Texas, at Houston, Texas on the 21st day of January, 2015.

Chris Daniel, District Clerk

Harris County, Texas

By: /s/ N. Salinas, Deputy



(Court of Appeals) Cause No. _____
Filed in the (Supreme Court of Texas at Austin, Texas,
Or Court of Criminal Appeals of Texas at Austin, Texas,
Or Court of Appeals for the _____ District of Texas, at _____, Texas)
This _____ day of _____, _____
_____, Clerk
By _____, Deputy

1

# SUPPLEMENTAL INDEX #263473

01/21/2015 – LUCIOUS RAY JOHNSON TO 14TH COA – 176TH JDC

| | DATE FILED | PAGE |
|---|---|---|
| SUPPLEMENTAL CLERK'S RECORD COVER SHEET | | 1 |
| INDEX | | 2 |
| PAUPER'S OATH ON APPEAL AND ORDER OF THE COURT | 12/09/14 | 3 |
| ORDER | 01/13/15 | 4 |
| SUPPLEMENTAL CERTIFICATE OF THE CLERK | | 6 |

2

# PAUPER'S OATH ON APPEAL

CAUSE NO.: **263473**  OFFENSE: Agg. Sex Assault

THE STATE OF TEXAS  176th DISTRICT COURT

VS.  OF

Lucious R. Johnson  HARRIS COUNTY, TEXAS

FILED
Chris Daniel
District Clerk
DEC 9 - 2014
Time:
By _____
Harris County, Texas

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES _____, defendant in the above styled and numbered cause, and states under oath that he/she is without funds, property or income. The defendant respectfully petitions the court to: (check all that apply)

- [✓] Appoint appellate counsel to represent him.
- [✓] Asks the court to order that a free record be provided to him.

_____
DEFENDANT  DEC - 9 2014

SUBSCRIBED AND SWORN to before me, this _____ day of _____ A.D., 20 _____.

_____
DEPUTY DISTRICT CLERK
DISTRICT COURT
HARRIS COUNTY, TEXAS

## ORDER

On **12/09/14** the court conducted a hearing and found that the defendant is indigent.

- [✓] The court orders that Attorney, **Thomas A. Martin** is appointed to represent defendant/appellant on appeal. — DWI APPEAL ONLY —
- [ ] Harris County Public Defender's Office (HCPD) is APPOINTED to represent defendant/appellant on appeal. Assistant Public Defender Assigned by HCPD _____ Bar Card Number _____ SPN Number _____
- [✓] The court reporter is ordered to prepare and file the reporter's record without charge to the defendant/appellant.

It is further ordered that the clerk of this court mail a copy of the order to the court reporter: _____, by certified mail return receipt requested.

_____
JUDGE PRESIDING
DISTRICT COURT
HARRIS COUNTY, TEXAS

## OATH OF APPOINTED ATTORNEY ON APPEAL

I, **Thomas A. Martin**, Attorney at Law, swear or affirm to the court that I will be solely responsible for writing a brief and representing the appellant on appeal. If I am not able to perform my duties as appellate counsel, I will notify the court immediately so that the court may take the appropriate action as deemed necessary.

_____
ATTORNEY (SIGNATURE)

1018 Preston 500
ADDRESS

713-222-0556
PHONE

martin@justice.com
EMAIL ADDRESS

27638589
SPN NUMBER

Houston TX 77002
CITY  STATE  ZIP

713-222-7022
FAX NUMBER

DEC - 9 2014

SWORN TO AND SUBSCRIBED BEFORE ME ON _____.

_____
DEPUTY DISTRICT CLERK (SIGNATURE)

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

3/13/969



In The

## Fourteenth Court of Appeals

**F I L E D**
Chris Daniel
District Clerk

JAN 1 3 2015

Time:_____

Harris County, Texas

By_____

Deputy

NO. 14-14-00504-CR

LUCIOUS RAY JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 0263473

## ORDER

Appellant is not represented by counsel on appeal. This court is unaware whether appellant is entitled to appointment of counsel. Accordingly, we enter the following order.

We ORDER the judge of the 176th District Court to immediately conduct a hearing at which appellant and counsel for the State shall be present to determine whether appellant desires to prosecute his appeal, and, if so, whether appellant is

entitled to appointed counsel. The judge shall appoint appellate counsel for appellant, if necessary. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court within thirty days of the date of this order. *9-11-14*

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.


PER CURIAM

5

# SUPPLEMENTAL

## CERTIFICATE OF THE CLERK

THE STATE OF TEXAS       IN THE 176TH JUDICIAL DISTRICT COURT

COUNTY OF HARRIS       OF HARRIS COUNTY, TEXAS

I, Chris Daniel, District Clerk of Harris County, Texas, do hereby certify that the above & foregoing proceedings, instruments & other papers contained in Volume I Pgs. **1-6** inclusive, to which this certification is attached and made a part thereof, are true and correct copies of all proceedings, instruments and other papers specified by Rule 34.5 (a) and matter designated by the parties pursuant to Rule 34.5 (b) in Cause No. 263473 Styled LUCIOUS RAY JOHNSON vs. The State of Texas in said court.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Harris County, Texas on January 21, 2015.

Chris Daniel
Harris County District Clerk

By: /S/ N. Salinas, Deputy

6

DEFENSE COPY

Cause No. 263473

| STATE OF TEXAS | § | IN THE 176th DISTRICT COURT |
|---|---|---|
| v. | § | OF |
| LUCIOUS JOHNSON,<br>Defendant | § | HARRIS COUNTY, TEXAS |

## STATE'S MOTION REQUESTING COURT TO DENY DNA TESTING

COMES NOW the State of Texas, by and through its Assistant District Attorney, and respectfully requests that the Court deny DNA testing of evidence in the above-styled case and for good cause shows the following:

### I.

### Procedural History

On February 22, 1978, Defendant, Lucious Johnson, was found guilty of the felony offense of aggravated rape, cause number 263473, in the 176th District Court of Harris County, Texas. Punishment was assessed at ninety-nine (99) years imprisonment in the Texas Department of Criminal Justice – Institutional Division.

On July 23, 2001 Defendant filed a *pro se* motion for post-conviction DNA testing pursuant to TEX. CODE CRIM. PROC. art. 64.

On December 4, 2001, the Court appointed attorney Michael Fosher to represent the Defendant in his request for post-conviction DNA testing pursuant to TEX. CODE CRIM. PROC. art. 64. On July 24, 2002, Defendant, through counsel Michael Fosher, filed a second request for post-conviction DNA testing pursuant to TEX. CODE CRIM. PROC. art. 64.

On March 17, 2006 the Court denied Defendant's request for post-conviction DNA testing pursuant to TEX. CODE CRIM. PROC. art. 64 based on a lack of evidence available for testing.

Defendant subsequently filed a second *pro se* motion for post-conviction DNA testing pursuant TEX. CODE CRIM. PROC. art. 64 on September 27, 2010.



On October 19, 2010 the Court appointed attorney Thomas Martin to represent the Defendant in his proceeding requesting post-conviction DNA testing pursuant to TEX. CODE CRIM. PROC. art. 64.

## II.

### Applicable Law

Texas law provides that a convicted person may submit a motion seeking forensic DNA testing of evidence containing biological material. TEX. CODE CRIM. PROC. art. 64.01(a). The motion must be accompanied by an affidavit sworn to by the convicted person and contain statements of fact in support of the motion. *Id.* Additionally, a convicted person may <u>ONLY</u> request forensic DNA testing of evidence that was secured in relation to the offense that is the basis of the challenged conviction and was in possession of the state during the trial of the offense, and said evidence either:

 (1) was not previously subject to DNA testing; or

 (2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

*See* TEX. CODE CRIM. PROC. art. 64.01(b).

Further, the Court may order forensic DNA testing of evidence in the case of a convicted person <u>ONLY IF</u>:

 (1) the Court finds that:

  a. the evidence still exists and is in a condition making DNA testing possible; <u>and</u>

  b. the evidence has been subjected to a chain of custody sufficient to establish that is has not been substituted, tampered with, replaced, or altered in any material aspect; <u>and</u>

  c. identity was or is an issue in the case; <u>and</u>

 (2) the convicted person establishes by a preponderance of the evidence that:

  a. the person would not have been convicted if exculpatory results had been obtained through DNA testing; <u>and</u>

2

b. the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or the administration of justice.

*See* TEX. CODE CRIM. PROC. art. 64.03(a).

## III.
## No Evidence in the State's Possession

The State respectfully requests that the Court take judicial notice, based on the official trial court records, that the above styled and numbered cause is associated with Houston Police Department offense report number K-06080 and Houston Police Department Crime Laboratory report numbers L82778 and L82709.

According to the records of the Harris County District Clerk's Office, the Harris County District Clerk's Office does not possess any evidence in connection with the case of *The State of Texas v. Lucious Johnson*, cause number 263473. *See Affidavit of Barbara Anderson, Harris County District Clerk's Office Senior Exhibits Clerk, attached hereto as State's Exhibit A.*

According to the records of the Houston Police Department, the Houston Police Department Crime Lab does not possess any evidence in connection with the case of *The State of Texas v. Lucious Johnson*, cause number 263473 and/or Houston Police Department offense report #K-06080, and laboratory numbers L82778 and L82709 dated 05-10-1977. *See Affidavit of Lori Bates Wilson, Houston Police Department Crime Lab Records Custodian, attached hereto as State's Exhibit B.*

According to the records of the Houston Police Department, the Houston Police Department Property Room does not possess any property/evidence in connection with the case of *The State of Texas v. Lucious Johnson*, cause number 263473 and related to offense report #K-06080 dated May 10, 1977. *See Affidavit of Joseph Hill, Houston Police Department Property Room Records Custodian, attached hereto as State's Exhibit C.*

According to the affidavit of Marilyn Skinner dated March 1, 2006, certified court reporter assigned to the 176th District Court of Harris County Texas, she does not possess any evidence from the trial styled *The State of Texas v. Lucious Johnson*, cause number 263473. Further, according to the

3

affidavit of Marilyn Skinner she transcribed the trial, gathered the evidence admitted during the trial, and submitted the evidence to the District Clerk's office upon the conclusion of the trial, in the case styled *The State of Texas v. Lucious Johnson. See Affidavit of Marilyn Skinner, dated March 1, 2006, attached hereto as State's Exhibit D.*

According to the records of the Harris County Sheriff's Office, the Harris County Sheriff's Office does not possess any evidence in connection with the case of *The State of Texas v. Lucious Johnson*, cause number 263473 and/or offense report #K-06080. *See Affidavit of Q. Thigpen, Harris County Sheriff's Office Custodian of Records, attached hereto as State's Exhibit E.*

### IV.

### The Defendant is Not Entitled to Forensic DNA Testing

According to TEX. CODE CRIM. PROC. art. 64.03(a)(1), a convicted person may only request forensic DNA testing of evidence that still exists and is in a condition making DNA testing possible. Because there is no evidence available for testing, the defendant fails to meet this requirement. Furthermore, based on the lack of evidence available for testing, the defendant fails to show that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results were obtained through DNA testing. As a result, the defendant has failed to meet the requirements of TEX. CODE CRIM. PROC. art. 64.03.

WHEREFORE, PREMISES CONSIDERED, the State of Texas respectfully requests that the Court deny DNA testing in cause number 263473.

Respectfully submitted,

*Aaron White*

Aaron C. White
Assistant District Attorney
Harris County District Attorney's Office
1201 Franklin, Ste. 600
Houston, Texas 77002
(713) 755-2086 (telephone)
(713) 755-5809 (fax)
State Bar No. 24060819

4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served in accordance with the Code of Criminal Procedure to counsel of record for the applicant in this cause on this 28th day of ___April___, 2014.

Tom Martin
Attorney at Law
1018 Preston, Suite 500
Houston, Texas 77002
(713) 222-0556
(713) 222-7022 fax

*Aaron White*
_____
Aaron C. White
Assistant District Attorney
Harris County District Attorney's Office
1201 Franklin, Ste. 600
Houston, Texas 77002
(713) 755-2086 (telephone)
(713) 755-5809 (fax)
State Bar No. 24060819

5

Cause No. 263473

| THE STATE OF TEXAS | § | IN THE 176TH DISTRICT COURT |
| v. | | |
| | § | OF |
| LUCIOUS JOHNSON, Defendant | § | HARRIS COUNTY, TEXAS |

**AFFIDAVIT**

**THE STATE OF TEXAS**

**COUNTY OF HARRIS**

**Before me**, the undersigned authority, a peace officer, on this day personally appeared BARBARA ANDERSON, who being by me duly sworn, upon her oath deposes and says:

"My name is BARBARA ANDERSON. I am presently employed as the Senior Exhibits Clerk for the Harris County District Clerk's Office.

The records of Harris County District Clerk's Office reflect that the Harris County District Clerk's Office never received and is not in possession of any evidence related to the case styled *The State of Texas v. Lucious Johnson*, cause number 263473.

I have read the above statement and find it to be true and correct to the best of my knowledge."

_____
BARBARA ANDERSON
Affiant

**SWORN AND SUBSCRIBED** before me pursuant to Texas Government Code Section 602.002(16) on this the ___7TH___ day of ___APRIL___, 2014.

_____ T. STRANGE
INVESTIGATOR
Harris County District Attorney's Office


STATE'S
EXHIBIT
A
PENGAD 800-631-6989

## "EVIDENCE RECORDS AFFIDAVIT"
### Cause # 0263473 // Lucious Johnson

STATE OF TEXAS) (

COUNTY OF HARRIS) (

My name is Lori Bates Wilson. I am employed as the property and/or evidence records custodian for the Houston Police Department (HPD) Crime Laboratory.

My address and telephone number is: 1200 Travis, Suite 2600
Houston, TX 77002
(713) 308-2600.

In my capacity as property and/or evidence records custodian, I have care and custody of those records for the HPD Crime Laboratory and I certify that the following reflects the status of property and/or evidence related to HPD offense report #K-06080 and/or laboratory numbers L82778 and L82708, dated 05-10-1977:

The crime laboratory is not in possession of any evidence associated with this offense.
*A review of available crime laboratory records appears to show that penile swabs, body swabs from L. Johnson, clothing, a .38 caliber revolver and a sexual assault kit were submitted for analysis. Crime laboratory records also appear to show that the clothing, revolver and sexual assault kit were released to court in February 1978. No further information is available.*

"I have completed and read the above affidavit and have found it to be true and correct to the best of my knowledge."

SIGNED: _____
NAME

SWORN TO AND SUBSCRIBED before me the undersigned authority on this the

_____ day of __January_____ , 2011

CASSANDRA BRITTEN-MCCLINTOCK
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 12/08/12

NOTARY PUBLIC FOR HARRIS COUNTY, TX



STATE'S
EXHIBIT
B

(STATE OF TEXAS)

(COUNTY OF HARRIS)

Before me, the undersigned authority, a Notary Public in and for Harris County, Texas, on this day personally appeared J. Hill, who being by me duly sworn, upon his oath deposes and says:

"My name is J. Hill. I am employed as the property and evidence records custodian for the Houston Police Department. In my capacity as property and evidence records custodian, I have care and custody of those records for the Houston Police Department, and certify that the following reflects the status of property and evidence related to Houston Police Department offense report #K-06080, that is dated on May 10, 1977.

Records of the Houston Police Department Property Room reflect that no property/or evidence was tagged in the Property Room concerning this case. Records were checked through the Evidence Management System, WinET computer system, active and closed out invoice files. There were no data entries concerning this case.

I have read the above statement and find it to be true and correct to the best of my knowledge."

J. Hill

SWORN AND SUBSCRIBED before me, under oath, on this the ⸻31st⸻ day of January 2011.

CHANDRA KAYE JOHNSON
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 01/23/12

NOTARY PUBLIC in and for the state of Texas

My commission expires: 1/23/12

STATE'S
EXHIBIT
C

PENGAD 800-631-6989

Cause No. 263473

| | | |
|---|---|---|
| LUCIOUS RAY JOHNSON | § | IN THE 176TH DISTRICT COURT |
| V. | § | OF |
| STATE OF TEXAS | § | HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF MARILYN SKINNER

STATE OF TEXAS
COUNTY OF TRAVIS

BEFORE ME, the undersigned authority, on this day, personally appeared Marilyn Skinner, who being duly sworn upon his oath did depose and say:

"My name is Marilyn Skinner. I have been a certified court reporter in the State of Texas since 1975. I am currently retired . Previously, I worked as a certified court reporter in Harris County, Texas for 29 years.

I transcribed the trial of Lucious Ray Johnson in the 176th District Court of Harris County, Texas. In my capacity as the court reporter, I gathered the evidence admitted during the trial and submitted it to the District Clerk's office upon conclusion of the trial. I do not have any evidence from the trial in *State of Texas v. Lucious Ray Johnson*, cause number 263473."

I, Marilyn Skinner, state that the matters above are true and correct to the best of my knowledge.

_MARILYN SKINNER_

Sworn to and Subscribed before me on this 15 day of March, 2006.

_Sharon M. Davila_
NOTARY PUBLIC
STATE OF TEXAS

My commission expires: 08/22/2008

SHARON M. DAVILA
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES AUG. 22, 2008

STATE'S EXHIBIT
D

## "EVIDENCE RECORDS AFFIDAVIT"
Lucious Johnson  Cause # 0263473

STATE OF TEXAS )(

COUNTY OF HARRIS )(

My name is Q. Thigpen.

I am employed as the property and/or evidence records custodian for the Harris County Sheriff's Office, my address and telephone number is 601 Lockwood Dr., Houston, Texas 77011, (713) 967-5709. In my capacity as property and/or evidence records custodian, I have care and custody of those records for Harris County Sheriff's Office Evidence/Property Room and I certify that the following reflects the status of property and/or evidence related to: Houston Police Department offense report number K-06080 and cause number 0263473 in the 176th District Court. The offense date is on or about 05-10-1977.

(please select and complete the proper category)

☐ ~~According to the records of the Harris County Sheriff's Office, on~~ ~~the following evidence in relation to Houston Police Department offense report #~~ ~~and/or cause #~~ ~~was destroyed:~~

☒ The records of the Harris County Sheriff's Office reflect that the Harris County Sheriff's Office never received and is not presently in possession of any property and/or evidence

from offense report # K-06080 and/or cause # 0263473.

(continued on page 2)



STATE'S
EXHIBIT

E

☐ ~~According to the records of the Harris County Sheriff's Office, the following property and/or evidence from Houston Police Department offense report #~~ ~~and/or cause #~~ ~~is in the custody of the Harris County Sheriff's Office~~ ~~.~~

☐ ~~According to the records of the Harris County Sheriff's Office, the following property and/or evidence in relation to Houston Police Department Office offense report #~~ ~~and/or cause #~~ ~~was received on~~ ~~but was released to~~ ~~on~~ ~~.~~

"I have completed and read the above affidavit and have found it to be true and correct to the best of my knowledge."

SIGNED: _____

SUBSCRIBED AND SWORN TO before me the undersigned authority on this ⎯11ᵀᴴ⎯ day of
_JANUARY_____, 20_11___



_____
NOTARY PUBLIC FOR HARRIS COUNTY

PAUL E. GUESS
Notary Public
STATE OF TEXAS
Commission Exp. 11-09-2013
NOTARY PUBLIC STATE OF TEXAS

**Law Offices of**
**Thomas A. Martin**
**1018 Preston, Suite 500**
**Houston, Texas 77002**
*tel*: **713-222-0556** *fax*: **713-222-7022**
*email*: <u>tmartin@justice.com</u>

March 26, 2015

Harris County District Clerk
176th District Court
1201 Franklin
Houston, Texas 77002

Re:     *State of Texas v. Lucious Ray Johnson*; Case No. 263473;
        176th Judicial District Court of Harris County, Texas

Dear Sirs:

I have been appointed to represent Lucious Ray Johnson in the appeal of the denial of his DNA Motion. The Court denied Mr. Johnson's DNA motion on or about April 28, 2014.

Your office has been kind to provide a supplemental clerk's record in this case which provided the requested pauper's oath on appeal, and order of the 176th district court. However, the supplemental clerk's record did not contain the official copy of the DNA Motion ruled on by the trial court. The Motion is styled "State's Motion Requesting Court to Deny DNA Testing" and dated April 28, 2014.

I respectfully request that you provide an additional supplement to the Clerk's Record which includes this noted State's Motion, as the denial of this motion is the basis of Mr. Johnson's current appeal.

Please contact me should you have any questions. Please also call me when the new supplemental clerk's record is available for pick up.

Thank you very much for your attention and consideration.

Sincerely yours,

Thomas A. Martin